UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BIENVENIDO CASILLA, | : | Civil Action No. 05-4590 (FLW) |
| Plaintiff, | : | |
| v. | : | |
| NEW JERSEY STATE PRISON, et. al. | : | O R D E R |
| Defendants. | : | |

This matter having come before the Court upon motion by *pro se* Plaintiff Bienvenido Casilla ("Plaintiff"), currently incarcerated at the New Jersey State Prison, to appoint counsel or, in the alternative, to appoint Kevin Jackson, a certified paralegal, to sit in on a deposition hearing to protect Plaintiff's right against any forms of self-incrimination [dkt. entry no. 83], returnable August 4, 2008; and Defendants filing opposition to Plaintiff's motion;

And the Court noting that Plaintiff's first application for *pro bono* counsel was denied without prejudice on December 12, 2007; and the Court noting that *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), articulates the criteria for the appointment of *pro bono* counsel. *Id*. at 155; and *Tabron* providing that if the Court determines that the claim does have "arguable merit in fact and law," then additional factors should be considered including:

    1. The Plaintiff's ability to present his or her own case;

    2. The difficulty of the particular issues;

    3. The degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue the investigation;

    4. The Plaintiff's capacity to retain counsel on his or her own behalf;

  5. The extent to which a case is likely to turn on credibility determinations; and

  6. Whether the case will require testimony from expert witnesses.

*Id*. at 155-57; and the Court noting pursuant to *Tabron*, "district courts [have] broad discretion to request an attorney to represent an indigent civil litigant." *Id*. at 153; and for the purposes of this Application, the Court assuming *arguendo* that Plaintiff has satisfied the threshold of presenting a meritorious claim; and the Court further noting that Plaintiff's Complaint asserts a violation of 42 U.S.C. § 1983, (Pl.'s Comp. at 6); and the Court noting that Plaintiff's financial obligations to the Court did not deter him from submitting an application for *pro bono* counsel, nor are they a reason for granting *pro bono* counsel; and the Court further noting that Plaintiff has repeatedly filed legal documents in a cogent and logical manner; and the Court further noting that at this time Plaintiff has diligently pursued his claim; and the Court finding that Plaintiff's case is relatively straightforward and not factually or legally complex; and the Court further finding that based on Plaintiff's contentions, denial of *pro bono* counsel would not create the likelihood that Plaintiff would incur substantial prejudice or result in violation of his due process rights; and the Court further finding that the concerns raised by Plaintiff do not rise to the "special circumstances" that would warrant the appointment of counsel discussed in *Tabron*; and the Court planning to assess Plaintiff's continued ability to present his case; and the Court noting that should the need for counsel arise, it will appoint one *sua sponte*; and the Court further finding that Plaintiff's motion to appoint Kevin Jackson must be denied because a paralegal, simply put, is not a licensed attorney and cannot represent anyone in any capacity; and the Court having reviewed the parties' submissions; and the Court having considered the matter without oral argument pursuant to Fed. R. Civ. P. 78; and good cause having been shown;

IT IS on the **22nd** day of July, 2008,

**ORDERED** that Plaintiff's Application for *pro bono* counsel [dkt. entry no. 83 ] is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiff's request to have paralegal Kevin Jackson assist Plaintiff during his upcoming deposition so that he does not violate his Fifth Amendment Rights pursuant to the United States Constitution is **DENIED**.

*s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**